# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

REGUNAL R. DOWELL,       )
                                   )
                 Petitioner,     )
v.                                )       No. 2:10-cv-156-WTL-TAB
                                   )
JAMES BASINGER,       )
                                   )
                 Respondent.    )

### Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Regunal R. Dowell for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## I. The Petition for Writ of Habeas Corpus

### A. Background

Dowell was convicted in an Indiana state court of three counts of class B felony rape, one count of class B felony criminal deviate conduct, and one count of class D felony confinement. His convictions were affirmed on appeal in *Dowell v. State,* 865 N.E.2d 1059 (Ind.Ct.App. 2007)(*Dowell I*). Insofar as pertinent to the present case, the appellate court's opinion was summarily affirmed in *Dowell v. State,* 873 N.E.2d 59 (Ind. 2007)(*Dowell II*). The denial of Dowell's petition for post-conviction relief was affirmed on appeal. *Dowell v. State,* 908 N.E.2d 643 (Ind.Ct.App. 2009)(*Dowell III*). Both Dowell and the State petitioned for transfer. The Indiana Supreme Court determined that Dowell failed to timely file a motion to correct error and therefore, he forfeited his right to appeal. *Dowell v. State*, 922 N.E.2d 605, 609 (Ind. 2010)(*Dowell IV*). The Indiana Supreme Court ordered the dismissal of Dowell's appeal from post-conviction review. *Id.*, at 610. Dowell now seeks a writ of habeas corpus.

The evidence at trial viewed in the manner most favorable to the jury's verdict was recited by the Indiana Court of Appeals:

In September 2005, R.B. began dating Dowell. They became intimate and had sexual relations nearly every day up until mid October. Their relationship became more infrequent when R.B. moved and took on family obligations.

On October 19, 2005, R.B. went to Dowell's home after work. The two left for a pub when Dowell began smoking marijuana, which R.B. did not like. R.B. told Dowell that she wanted to discontinue the relationship because he would not stop using marijuana but that they could remain friends. Dowell did not take R.B. seriously.

At the pub, Dowell asked R.B. if they could still have sex. R.B. clearly indicated no. They spent nearly two and a half hours at the pub. Dowell drank several beverages while R.B. had three during that time, two of which Dowell helped finish. They both left the pub with Dowell driving. R.B. testified that she felt fine for the first ten minutes of the ride, but then suddenly felt nauseated and began to vomit, a feeling she said she had never experienced before while drinking.

When they arrived at Dowell's residence Dowell ordered R.B. out of his car. R.B. complied and then tried to remain outside, but Dowell dragged her into his garage by her hair. R.B. began to vomit again into a trashcan in the garage. While R.B. leaned over the trashcan, Dowell came from behind her and reached around her to pull down her pants and underwear. R.B. resisted, but Dowell raped her. As R.B. struggled more, Dowell grabbed her neck and hair and dragged her into the house. Dowell pushed R.B. into a bathroom where she continued to vomit. He again raped her. When he could not maintain an erection, he digitally penetrated R.B.'s vagina while she begged him to stop.

Dowell struck R.B. several times in the head yet she still continued her attempt to flee. Eventually, R.B. lost consciousness and later awoke in Dowell's upstairs bedroom. She crawled to the bathroom to vomit more. Dowell yelled at her about their relationship and raped and digitally penetrated her again. R.B. continued to beg him to stop, but Dowell pulled her hair back straining her neck and then digitally penetrated her anus. Then, Dowell raped R.B. again. He strangled R.B. until she lost consciousness. When she awoke she was able momentarily to force Dowell out of the bathroom where she locked herself in. Dowell removed the door handle and dragged R.B. into the bedroom. They struggled on the bed and then fell on the floor with Dowell falling on top of R.B. R.B. testified that she lost her memory at that point until she woke up in his bed the next morning. She immediately fled and went home to call the police.

An ambulance came and took her to the Center of Hope in Indianapolis. There, R.B. received sexual assault treatment from nurse

practitioner Stacy Lobodzinski. R.B. recounted the story above. She complained of a headache, nausea, and soreness in her vaginal area. Lobodzinski noted multiple bruises on her neck, chin, left thigh, and abrasion and bite mark on her stomach. She had lacerations in her rectum and vagina. A CAT scan was performed and R.B. was given treatment to prevent pregnancy, to prevent sexual transmitted diseases, and dull her pain and nausea. A drug screen, performed to determine if R.B. had been drugged, was negative.

*Dowell I,* 865 N.E.2d at 1062-63.

## B.  Applicable Law

Dowell seeks relief pursuant to 28 U.S.C. § 2254(a). In the exercise of its habeas jurisdiction, a federal court may grant relief only if the petitioner shows that he is in custody "in violation of the Constitution or laws of the United States." *Id.*

In addition to the substantive standard noted above, "[o]ut of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley,* 541 U.S. 386, 388 (2004). Thus,

the claims raised by a petitioner in state court must be presented in a manner that fairly alerts the state court of the federal constitutional grounds for his claim. Fair presentment of a petitioner's claims to a state tribunal requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims by presenting both the operative facts and the controlling legal principles that he believes should govern the analysis.

*Badelle v. Correll,* 452 F.3d 648, 661 (7th Cir. 2006) (internal quotations and citations omitted). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.,* a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### C. Dowell's Claims

Dowell's claims at this point–two of the original claims have been withdrawn–are that (1) the jury improperly considered a previous conviction, (2) the trial court's enhancement of his sentence beyond the statutory presumptive term was based on aggravating circumstances which were not found beyond a reasonable doubt by a jury, and (3) his trial counsel rendered ineffective assistance.

### D. Analysis

*Juror Misconduct.* Dowell argues that the jury improperly considered a prior conviction as the reason that he had not testified at trial. What the jury may have done, however, was to speculate that a prior conviction for a similar offense was the reason Dowell did not testify at trial. The Indiana Court of Appeals rejected the assertion of error because the requirements of Indiana Rule of Evidence 606(b) had not been met and thus the jury's verdict could not be attacked on this basis. *Dowell I*, at p 12.

Insofar as this claim is renewed here as an asserted violation of state law, it is not cognizable under § 2254(a). *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). "Federal habeas courts lack subject-matter jurisdiction over such issues." *Lambert v. Davis,* 449 F.3d 774, 778-79 (7th Cir. 2006) (citing 28 U.S.C. § 2254(a) and *Estelle,* 502 U.S. at 67).

Insofar as this claim is presented here in federal constitutional terms, it was not fairly presented to the Indiana state courts in that fashion, *see Lieberman v. Thomas,* 505 F.3d 665, 669-70 (7th Cir. 2007) ("[W]e assess whether the petitioner alerted the state court to the federal nature of his claim in a manner sufficient to allow that court to address the issue on a federal basis.")*; Sweeney v. Carter,* 361 F.3d 327, 332 (7th Cir. 2004) (a petitioner fairly presents his federal claim to the state courts when he articulates both the operative facts and the controlling legal principles on which his claim is based), and Dowell's failure to do so constitutes a procedural default. *Badelle v. Correll,* 452 F.3d 648, 661 (7th Cir. 2006). Dowell replies that he did cite federal constitutional law in his petition to transfer. This was too late. See *Castille v. Peoples,* 489 U.S. 346, 349 (1989)(claims raised for the first time in a discretionary appeal are barred by the full and fair presentment doctrine); *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992) (procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court").

*Sentencing Based on Facts Not Found by a Jury.* Dowell argues that the trial court's enhancement of his sentence beyond the presumptive statutory term was based on aggravating circumstances not found beyond a reasonable doubt by a jury, all in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). However, Dowell did not raise any Sixth Amendment or *Blakely* arguments on direct appeal. His failure to do so is a procedural default. *Riggins v. McGinnis,* 50 F.3d 492, 494 (7th Cir. 1995); *Verdin v. O'Leary,* 972 F.2d 1467, 1474-75 (7th Cir. 1992).

There has been no showing of cause and prejudice as to this procedural default. Dowell argues that raising his *Blakely* claim on his petition to transfer satisfies his obligation to fairly present his claim. However, as set forth above, claims raised for the first time in a discretionary appeal are barred by the full and fair presentment doctrine. Accordingly, Dowell has procedurally defaulted as to this claim.

*Effective Assistance of Counsel and Judicial Bias.* Dowell's ineffective assistance of counsel ("IAC") claim is that his attorney's failed to challenge the multiple rape charges on double jeopardy grounds. Dowell's IAC claim was rejected by the trial court in the action for post-conviction relief and was rejected by the trial court. The Indiana Supreme Court dismissed as untimely Dowell's appeal from the denial of petition for post-conviction relief. *Dowell IV*, 922 N.E.2d at 609. This finding constitutes an independent and adequate state ground. "'[W]hen a state court has declined to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement,' the independent and adequate state grounds doctrine bars federal review of that state court judgment." *Thomas v. McCaughtry,* 201 F.3d 995, 1000 (7th Cir. 2000) (quoting *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991)). Dowell admits that he procedurally defaulted this claim.

Dowell's claim of judicial bias is similarly positioned. Specifically, Dowell admits that he never raised a claim of judicial bias in the state courts and that it is procedurally defaulted.

In each instance, therefore, Dowell concedes that the claim was not properly and fully presented to the Indiana state courts. Dowell does not offer cause for and prejudice from his procedural default, but in each instance argues that the merits of his claims require that the claims be considered. To accept Dowell's argument on this point would equate exhaustion with the absence of procedural default, and in doing so would eviscerate the latter doctrine entirely. This court is not authorized to proceed in that fashion, and under these circumstances the merits of these defaulted claims cannot be reached.

## E. Conclusion

This court has carefully reviewed the state record in light of Dowell's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Dowell to relief in this case. Dowell's petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

**II.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Dowell has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: __05/03/2011__

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana